UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

DELLA A. SIMPSON,

                              Plaintiff,

               v.

MTA/NEW YORK CITY TRANSIT
AUTHORITY, PAMELA DAVIS, General
Counsel, MTA New York City Transit, and
YVES ROMULUS, Deputy Director, MTA
New York City Transit Authority,

                              Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
16-CV-3783 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Della A. Simpson, proceeding *pro se*, commenced the above-captioned action on July 5, 2016 against the Metropolitan Transportation Authority, New York City Transit Authority (the "MTA"), her former employer,[1] and individual Defendants Pamela Davis, General Counsel of MTA, and Yves Romulus, Deputy Director of the MTA. Plaintiff asserts claims of discrimination and retaliation pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"). (Compl. 3, Docket Entry No. 1.[2]) Plaintiff seeks "five years['] salary plus the promotion monies." (*Id.* at 6.) The Court grants Plaintiff's application to proceed *in forma*

---

      [1] Plaintiff does not allege that she was terminated from her employment and instead refers to her retirement. (*See* Compl. at 8.)

      [2] Because the Complaint is not consecutively paginated, the Court's citations refer to the page number assigned by the Electronic Document Filing System.

*pauperis* pursuant to 28 U.S.C. § 1915(a). For the reasons set forth below, the Court dismisses the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**I. Background**

The following facts are taken from the Complaint and are accepted as true. Plaintiff was born in 1955. (Compl. 5.) Plaintiff alleges that she was employed by the MTA, and that in December of 2014 and April of 2015, the MTA discriminated against Plaintiff on the basis of her race and age.[3] (*Id.*) In Plaintiff's statement, she describes workplace disputes concerning workload and approval of vacation schedules. (*Id.* at 5, 8.) Plaintiff alleges that during her employment, she was required to take on extra work when a co-worker left. (*Id.* at 5.) Plaintiff also alleges that after additional staff was hired, her supervisors refused to "lighten [her] workload" and that "the new examiner hired (white age 28) refused to take all the work and the department agreed." (*Id.*) Plaintiff alleges that Deputy Director Romulus "fail[ed] to sign off on the [vacation schedule] request for December because he was thinking about taking that time off," and that another vacation schedule request was canceled because another employee would be out of the office for three weeks. (*Id.* at 8.) Plaintiff also alleges that "a promotion was put in for [her in] Nov. 2014," and that "ten months later when [she] left it was never processed." (*Id.*)

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a Notice of Right to Sue ("Right-to-Sue Letter"), which Plaintiff received on April 8, 2016. (*Id.* at 6.)

---

[3] These allegations are set forth in response to a section of the form Complaint that prompts claimants to indicate the bases on which they were discriminated against by checking a series of boxes. (Compl. 5.) Plaintiff checked the boxes corresponding to discrimination based on race and age. (*Id.*) Plaintiff did not identify her race, but states that she was born in 1955. (*Id.*)

## II. Discussion

### a. Standards of review

#### i. Motion to dismiss

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

#### ii. Employment discrimination

Analyzing whether a plaintiff has sufficiently alleged an employment discrimination claim requires reference not only to the pleading standard discussed above, but also to the three-stage, burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Littlejohn v. City of New York*, 795 F.3d 297, 307–308 (2d Cir. 2015) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000))

3

(discussing burden-shifting); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253–55 (1981)). Under that framework, a plaintiff must establish a prima facie case of discrimination. *St. Mary's Honor Ctr.*, 509 U.S. at 506; *see also Walsh v. N.Y.C. Housing Authority*, --- F.3d ---, ---, 2016 WL 3632245, at *3 (2d Cir. 2016); *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010). A plaintiff's burden at this stage is "minimal." *Holcomb v. Iona Coll.*, 521 F.3d 130, 139 (2d Cir. 2008) (quoting *St. Mary's Honor Ctr.*, 509 U.S. at 506). If a plaintiff meets her burden at this stage, a "temporary presumption" of discrimination arises and the burden shifts to the defendant-employer to articulate a legitimate, nondiscriminatory reason for the challenged conduct. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Littlejohn*, 795 F.3d at 307, 311); *see Walsh*, --- F.3d at ---, 2016 WL 3632245, at *3. If the defendant-employer articulates such a reason, the burden shifts back to the plaintiff-employee to show that the defendant-employer's reason was pretext. *Walsh*, --- F.3d at ---, 2016 WL 3632245, at *3.

At the pleadings stage, a plaintiff does not need to prove discrimination, or even allege facts establishing every element of the *McDonnell Douglas* prima facie case, but the facts alleged must give "plausible support to the reduced requirements" of the prima facie case. *Littlejohn*, 795 F.3d at 311; *see Dawson v. N.Y.C. Transit Auth.*, 624 F. App'x 763, 766 (2d Cir. 2015); *Vega*, 801 F.3d at 84; *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 71 (2d Cir. 2006) ("[T]he requirements for establishing a prima facie case under *McDonnell Douglas* [do not] apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." (second alteration in original) (quoting *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 511 (2002))). Thus, a plaintiff need only plead facts sufficient to give "plausible support" to

4

plaintiff's "minimal" initial burden, which is governed by the statute under which she brings her claims. *Vega*, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 307, 312).

### b. Discrimination claims

Plaintiff alleges that Defendants discriminated against her on the basis of her race and age, (Compl. 5), and describes assuming additional responsibilities without additional pay, being passed over for a promotion and being denied vacation time, (*id.* at 8).

#### i. Individual liability under Title VII and the ADEA

Title VII and the ADEA do not provide for individual liability; rather, only the employer may be named as the defendant. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995)); *McMahon v. Napolitano*, No. 13-CV-1404, 2013 WL 1410382, at *1 (E.D.N.Y. Apr. 8, 2013) (noting that neither Title VII nor the ADEA provides for individual liability); *Rozenfeld v. Dep't of Design and Const. of N.Y.C.*, No. 10-CV-4002, 2012 WL 2872157, at *6 (E.D.N.Y. July 12, 2012) (same); *see Cayemittes v. N.Y.C. Dep't of Housing Preserv. & Develop.*, 641 F. App'x 60, 62 (2d Cir. 2016) (citing *Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014)); *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) ("Title VII does not impose liability on individuals."); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) ("[T]he ADEA precludes individual liability.").

Because Plaintiff cannot sustain a Title VII or ADEA claim against individual defendants, the Court dismisses the claims against Davis and Romulus for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

#### ii. Title VII

Title VII requires that "a plaintiff must first establish a prima facie case of discrimination by showing that: '(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an

5

inference of discrimination.'" *Vega*, 801 F.3d at 83 (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)). "[A]bsent direct evidence of discrimination," to survive a motion to dismiss a claim of employment discrimination in violation of Title VII, a plaintiff must plausibly allege facts that would support a finding that she suffered an adverse employment action and "has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Littlejohn*, 795 F.3d at 311.

Here, Plaintiff indicates that Defendants discriminated against her on the basis of her race, but Plaintiff does not identify her race. (Compl. 5.) Moreover, Plaintiff makes no allegations relating to race in her statement of claim or in the attached document outlining her workplace concerns. (*Id*. at 5, 8.) Because Plaintiff has provided no direct evidence of discrimination, the Court examines whether Plaintiff's allegations support a "plausible inference of discrimination." *See Vega*, 801 F.3d at 87.

Whether facts give rise to a plausible inference of discrimination "is a 'flexible [standard] that can be satisfied differently in differing factual scenarios.'" *Howard v. MTA Metro-N. Commuter R.R.*, 866 F. Supp. 2d 196, 204 (S.D.N.Y. 2011) (quoting *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir. 1996)); *see also Moore v. Kingsbrook Jewish Med. Ctr.*, No. 11-CV-3625, 2013 WL 3968748, at *6 (E.D.N.Y. July 30, 2013) (noting the same standard and discussing circumstances from which an inference of discrimination can be drawn). "An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's

discharge.'" *Littlejohn*, 795 F.3d at 312 (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)).

Plaintiff alleges that she was "asked to take over [a co-worker's] workload alone with [her] current duties until they could hire additional staff" and that the "new examiner (white age 28) refused to take all the work and the department agreed." (Compl. 5.) Plaintiff further alleges that her vacation was canceled or not approved by her supervisor, that she was not promoted and that she regularly worked through her lunch hour without compensation. (*Id.* at 5, 8.) However, Plaintiff does not allege any facts that support a plausible inference that Plaintiff was treated differently *because of her race*. *See Khaleel v. Swissport USA, Inc.*, No. 15-CV-4880, 2015 WL 5307733, at *2 (E.D.N.Y. Sept. 10, 2015) (dismissing discrimination claim pursuant to Title VII because "[e]ven under the most liberal interpretation of [the plaintiff's] complaint, he provides no facts that could possibly connect or link any adverse employment action to a protected status"); *Haynes v. Capital One Bank*, No. 14-CV-6551, 2015 WL 2213726, at *2 (E.D.N.Y. May 8, 2015) (dismissing the plaintiff's discrimination claim pursuant to Title VII because, aside from alleging a single "ambiguous remark made by [the plaintiff] branch manager, in which [the manager] stated that 'this is why I don't hire her kind,'" the plaintiff failed to allege "facts that suggest her termination or any other adverse employment actions were connected to her race"); *Frederick v. United Bhd. of Carpenters & Joiners of Am. (UBCJA) Local 926*, No. 12-CV-2387, 2014 WL 5783045, at *3 (E.D.N.Y. Nov. 6, 2014) (dismissing Title VII discrimination claim because the plaintiff alleged no facts suggesting she was denied promotion for reasons relating to her race); *Cabey v. Atria Senior Living*, No. 13-CV-3612, 2014 WL 794279, at *2 (E.D.N.Y. Feb. 26, 2014) (dismissing Title VII discrimination claim where, although complaint described

7

various disagreements between the plaintiff and his co-workers, none of the disagreements were alleged to have concerned the plaintiff's protected status).

The Court therefore dismisses Plaintiff's Title VII discrimination claim without prejudice. Should Plaintiff wish to pursue this claim, she is directed to file an amended complaint that sets forth facts sufficient to support a plausible inference that her race was a motivating factor in her claim.

### iii. ADEA

Courts analyzing claims of discrimination under the ADEA apply the three-stage *McDonnell Douglas* burden-shifting framework. *See Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 106 (2d Cir. 2010) (applying *McDonnell Douglas* framework to ADEA age discrimination claim). To establish a prima facie case of age discrimination under the ADEA, a plaintiff must demonstrate: "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Id.* at 107. To state a claim pursuant to the ADEA, a plaintiff must allege that age was the "but for" cause of the employer's adverse action, and not merely that it was a motivating factor. *See Vega*, 801 F.3d at 86 (noting that a plaintiff alleging age discrimination must allege that age was the but-for cause of the adverse action (citing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009))).

As with claims of discrimination brought pursuant to Title VII, while a plaintiff need not specifically plead each and every element of a prima facie case of discrimination to survive a motion to dismiss, the standard provides a framework for analyzing whether the plaintiff's claim for relief are plausible. *Dechberry*, 2015 WL 4878460, at *16. At the pleadings stage, a plaintiff must plausibly allege that (1) her employer took an adverse employment action against her, and (2) her age "was the 'but-for' cause of the employer's adverse action." *See Vega*, 801 F.3d at

8

86 *see also Ingrassia v. Health & Hosp. Corp.*, No. 14-CV-1900, 2015 WL 5229444, at *6 (E.D.N.Y. Sept. 8, 2015) ("*Vega* . . . require[s] a plaintiff alleging an ADEA violation to plausibly allege that the employer took adverse action against her and that age was the 'but for' cause in the employment decision.").

Here, Plaintiff alleges that she was born in 1955 and was subjected to discriminatory conduct in December of 2014 and in April of 2015, such that she was over the age of forty at all relevant times. (Compl. 4, 5.) Plaintiff therefore sufficiently alleges that she was a member of the age group protected under the ADEA at the time of the alleged discrimination. *See* 29 U.S.C. § 631(a). However, Plaintiff does not allege any facts that would connect her age to any alleged discriminatory conduct by Defendant. (*See* Compl. 5, 8.) Thus, her statement of claim and the attached document outlining her workplace issues do not support a claim of direct discrimination based on her age. (*See id*. at 5, 8.) Furthermore, Plaintiff fails to allege any facts that give rise to a plausible inference of discrimination. *See Vega*, 801 F.3d at 87; *Bohnet v. Valley Stream Union Free Sch. Dist. 13*, 30 F. Supp. 3d 174, 180 (E.D.N.Y. 2014) (holding that the plaintiff failed to allege sufficient facts to support conclusion that, but for her age, she would have been hired for tenure track position with school district, and noting that complaint failed to allege any details about the identity or ages of the individuals school district hired instead of plaintiff); *McManamon*, 2013 WL 3466863, at *6 (dismissing the plaintiff's ADEA discrimination claim because the amended complaint alleged no facts to support causal connection between the plaintiff's age and the defendant's rejection of the plaintiff's application for a position).

Plaintiff alleges that a "new examiner (white age 28)" was hired and later she alleges that a "promotion was put in for [her]," but that "[i]t was never processed." (Compl. 5, 8.) However, Plaintiff fails to plausibly allege that her age was the but-for cause for Defendant's failure to

9

promote her.  (*See id.*)  The Court therefore dismisses without prejudice Plaintiff's discrimination claim pursuant to the ADEA.  Should Plaintiff wish to pursue this claim, she is directed to file an amended complaint that sets forth facts sufficient to support a plausible inference that Plaintiff's age was the but-for cause of Defendant's decision not to promote her.

      c.   **Retaliation — Title VII and ADEA**

Plaintiff appears to allege that Defendants retaliated against her by denying her vacation and failing to promote her.  (*See* Compl. 8.)

Both Title VII and the ADEA contain similar anti-retaliation provisions.  *See* 42 U.S.C. § 2000e-(3)(a) (providing that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice" under Title VII); 29 U.S.C. § 623(d) (providing that "[i]t shall be unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful" under the ADEA).  Retaliation claims pursuant to both statutes are analyzed under the *McDonnell Douglas* burden-shifting framework.  *See Littlejohn*, 795 F.3d at 315 (Title VII); *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167–68 (2d Cir. 2014) (ADEA).  To establish a prima facie case of retaliation, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Littlejohn*, 795 F.3d at 316 (quoting *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010)).

As with other claims analyzed under the *McDonnell Douglas* framework, at the pleadings stage the allegations need only give "plausible support to the reduced prima facie requirements . . . ." *Id.*  "Thus, for a retaliation claim to survive a motion for judgment on the pleadings or a motion to dismiss, the plaintiff must plausibly allege that: (1) defendants

discriminated — or took an adverse employment action — against [her], (2) 'because' [s]he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90. To sufficiently allege that a defendant-employer took an adverse employment action "because" a plaintiff opposed an unlawful employment practice, a plaintiff "must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action." *Id.* In the retaliation context, but-for causation does not require that retaliation "was the only cause of the employer's action, but only that the adverse action would not have occurred in the absence of the retaliatory motive." *Id.* at 91 (quoting *Zann Kwan v. Andalex Grp., LLC*, 737 F.3d 834, 846 (2d Cir. 2013)).

Filing either a formal or informal complaint challenging discrimination is considered a protected activity for purposes of retaliation claims under Title VII and the ADEA. *See Cooper v. N.Y. State Dep't of Labor*, 819 F.3d 678, 681 (2d Cir. 2016) (noting that protected activity includes "submitting or supporting a complaint about employment discrimination" (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, --- U.S. ---, ---, 133 S. Ct. 2517, 2530 (2013))); *Gregory v. Daly*, 243 F.3d 687, 700–01 (2d Cir. 2001) ("[Title VII] protects employees . . . in the making of informal protests of discrimination, including making complaints to management, so long as the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." (citations and internal quotation marks omitted)); *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 242 (2d Cir. 2007) (vacating dismissal of retaliation claims under ADEA where plaintiff alleged she complained to employer about disparate treatment on basis of age and requested that her union file grievance on her behalf and that employer took adverse action in retaliation). However, "[m]ere complaints of 'unfair treatment by an individual' are not protected" under Title VII and the ADEA. *McNutt v. Nasca*, No. 10-CV-1301, 2013 WL 209469, at *16 (N.D.N.Y. Jan. 17, 2013) (noting that "[t]he onus is

11

on the speaker to clarify to the employer" that he is complaining of unfair treatment because of membership in a class protected by Title VII); *see Harris v. N.Y. State Dep't of Correctional Servs.*, No. 11-CV-1066, 2014 WL 2532468, at *5–6 (N.D.N.Y. June 5, 2014) (stating that under Title VII, "the speaker must make clear to the employer that she is complaining of unfair treatment due to her membership in a protected class and that she is not complaining merely of unfair treatment generally"); *McManamon v. Shinseki*, No. 11-CV-7610, 2013 WL 3466863, at *7 (S.D.N.Y. July 10, 2013) (holding that the plaintiff did "not plausibly allege[] that he engaged in activity protected by the ADEA, nor ple[a]d any facts demonstrating a causal connection between that activity and any adverse employment action"). Vague or ambiguous complaints will not suffice; the employer should "reasonably have understood, that the plaintiff's complaint was directed at conduct prohibited by Title VII." *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011) (citation omitted); *see also Bowen-Hooks v. City of New York*, No. 10-CV-5947, 2014 WL 1330941, at *26 (E.D.N.Y. Mar. 31, 2014) (collecting cases).

Here, Plaintiff has failed to allege any facts from which it can be inferred that Plaintiff engaged in a protected activity. Plaintiff does not allege, for instance, that she filed a complaint or grievance with supervisors about the acts of alleged discrimination on the basis of her age or race. Without an allegation that Plaintiff has engaged in protected activity, Plaintiff cannot plead a claim for retaliation under Title VII or the ADEA. *See Haynes*, 2015 WL 2213726, at *2 (dismissing the plaintiff's retaliation claim pursuant to Title VII because, although the plaintiff alleged that she complained to the defendant's human resources department, the complaint contained no description of what she told human resources and therefore failed to allege that she complained of conduct prohibited by Title VII). The Court therefore dismisses Plaintiff's claim for retaliation pursuant to Title VII and the ADEA. Should Plaintiff wish to pursue this claim,

12

she is directed to file an amended complaint that sets forth facts sufficient to support a plausible inference that she was retaliated against for complaining of discrimination based on race or age.

### III. Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's Complaint, filed *in forma pauperis*. *See* 28 U.S.C. §1915(e)(2)(B). Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order. All further proceedings shall be stayed for thirty days. Plaintiff is advised that if she files an amended complaint, it will completely replace the original Complaint. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order. If Plaintiff fails to amend her Complaint within thirty days as directed by this Memorandum and Order, the Court shall direct the Clerk of Court to enter judgment dismissing this case for the reasons set forth herein. If submitted, the amended complaint will be reviewed for compliance with this Memorandum and Order and for sufficiency under 28 U.S.C. §1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and *in forma pauperis* status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: August 26, 2016
      Brooklyn, New York